IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON L. HINES<br>3479 Kent Road<br>Stow, Ohio 44224<br><br>Plaintiff<br><br>v.<br><br>CHARLES F. WALTON<br>2020 Front Street, Suite 301<br>Cuyahoga Falls, Ohio 44221<br><br>and<br><br>SMITHERS-OASIS COMPANY<br>2020 Front Street, Suite 301<br>Cuyahoga Falls, Ohio 44221<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 5:05CV2604<br><br>JUDGE GWIN<br><br>MAG. JUDGE GALLAS |

**NOTICE OF REMOVAL**
**28 U.S.C. § 1446**

1.  Charles F. Walton ("Walton") and Smithers-Oasis Company ("SOC") are the defendants in the civil action brought on October 14, 2005, in the Court of Common Pleas, Summit County, Ohio, and given Case Number 2005-10-6065. Pursuant to provisions of Section 1441 and 1446 of Title 28 of the United States Code, Walton and SOC remove this action to the United States District Court for the Northern District of Ohio, Eastern Division, which is the judicial district and division in which the action is pending.

2.  The grounds for removal of this action are federal question jurisdiction, Sections 1331, 1441 (b) and 1446 of Title 28 of the United States Code.

1

3. Original and exclusive jurisdiction on the basis of federal question jurisdiction exists because the facts alleged in the Verified Complaint state a civil suit for damages arising under the federal copyright laws. The facts alleged include:

   a. allegations that Hines has been damaged due to SOC's marketing of products based on a Hines' design without the right to do so and without compensating Hines (Paragraph 10) subsequent to the termination of a written contract between the parties (Paragraph 8), which written contract provides that said design "shall be considered as a work made for hire; or shall be assigned to [SOC]" (Exhibit A to the Verified Complaint);

   b. allegations that SOC wrongfully took a Hines' design and products created from the design (Paragraph 14) and wrongfully detained said design and sold said products (Paragraph 15);

   c. allegations that Hines demanded that SOC cease and desist in marketing and selling anything based on the artistic creation of Hines and turn over all monies received from the marketing of the same, which demand SOC refused (Paragraph 16);

   d. allegations that Hines has been damaged in not having exclusive use of her creation and in not receiving the revenues SOC received from the marketing of products based on Hine's design (Paragraph 17); and

   e. allegations that, since being terminated from SOC, and prior thereto, SOC and Walton have planned and implemented a plan to harm Hines by marketing products created by and owned by Hines, and that in implementing said plan SOC

2

and Walton have sold and are continuing to sell said products all over the United States (Paragraph 19).

4. Because, by executing Exhibit A to the Verified Complaint, Hines agreed her design "shall be considered as a work made for hire," federal copyright law (17 U.S.C.§ 201(b) controls the disposition of Hines' claims.

5. Because Exhibit A to the Verified Complaint is a copyright assignment contract that Hines alleges has been terminated and/or is void, and Hines has directed her pleading against the offending use of her design, federal copyright law controls the disposition of Hines' claims.

6. Because Hines alleges a breach of a copyright assignment contract that is so material as to create a right of rescission in Hines, federal copyright law controls the disposition of Hines' claims.

7. Because Hines alleges that SOC has forfeited rights granted by a copyright assignment contract by non-performance, but has continued to use Hines' design anyway, federal copyright law controls the disposition of Hines' claims.

8. This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because the Complaint in this action was served upon Walton and SOC on October 26, 2005, and this Notice of Removal is filed within thirty (30) days of receipt of the Complaint.

9. Notice to Hines that Case No. 2005-10-6065 before the Court of Common Pleas, Summit County, Ohio, has been removed to this Court, is being given herewith. (See Exhibit 1.)

10. A copy of this Notice of Removal is being filed with the Clerk for the Court of Common Pleas, Summit County, Ohio, herewith. (See Exhibit 2.)

11. Copies of all state court papers served on Walton and SOC at the time of removal,

3

consisting of the Summons to Walton, the Summons to SOC, the Verified Complaint, a Motion for Temporary Restraining Order, the Certification, the Affidavit in Support of Motion for Temporary Restraining Order, the Proposed Temporary Restraining Order, and an Order issued by Judge Shapiro of the Court of Common Pleas for the County of Summit scheduling a hearing for November 8, 2005, are attached hereto. (See Exhibit 3.)

Dated: *Nov. 4, 2005*

                         Ray L. Weber (Ohio Reg. No. 0006497)
Laura J. Gentilcore (Ohio Reg. No.0034702)
Mark L. Weber (Ohio Reg. No. 0072078)
RENNER, KENNER, GREIVE, BOBAK,
TAYLOR & WEBER
Fourth Floor
First National Tower
Akron, Ohio 44308-1456
Telephone:    (330) 376-1242
Facsimile:    (330) 376-9646

Of Counsel:
Sylvia A. Petrosky (Ohio Reg. No. 0037791)
2273 Smith Road
Akron, Ohio 44333
Telephone:    (330) 867-5288
Facsimile:    (330) 867-5290

                         Attorneys for Defendants

### CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing NOTICE OF REMOVAL was served upon Attorneys of Record for Plaintiff, Shannon L. Hines, by placing the same in first class U.S. mail, postage prepaid, addressed as follows:

Randolph R. Roth
John A. Flask
6393 Oak Tree Blvd., Suite 110
Independence, Ohio 44131

this 4th day of November, 2005.

                         Ray L. Weber